IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEGGY JEAN KROLCZYK,<br>　　　　Petitioner,<br><br>v.<br><br>TYRANE L. MORGAN,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-06-3340 |

## MEMORANDUM OPINION AND ORDER

Petitioner Peggy Jean Krolczyk, a federal inmate in custody at the Federal Correctional Institution in Bryan, Texas, seeks habeas relief under 28 U.S.C. § 2241 challenging her federal conviction and sentencing. For the reasons that follow, this petition is **DISMISSED FOR WANT OF JURISDICTION**.

### I.   BACKGROUND AND CLAIMS

According to her pleadings and public records for the Fifth Circuit Court of Appeals, petitioner pleaded guilty in 2004 to possession with intent to distribute a controlled substance, namely 2.2 grams of methamphetamine, in the United States District Court for the Western District of Texas, Waco Division. At sentencing, the government introduced evidence that she was in possession of 1,692 grams of methamphetamine. Based on the attributed quantity of the drug, petitioner was sentenced to 120 months custody, six years supervised release, a monetary fine, and a special assessment. *United States v. Krolczyk*, C.A. No. 03-CR-237-1 (W.D. Tex. 2004). Her motion to vacate under 28 U.S.C. § 2255,

based on ineffective assistance of counsel, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 532 U.S. 220 (2005), was denied. *Krolczyk v. United States*, C.A. No. W-05-CA-061 (W.D. Tex. 2005). Petitioner's appeal of that ruling to the Fifth Circuit Court of Appeals was dismissed for want of prosecution. *Krolczyk v. United States*, No. 05-50590 (5th Cir. 2005).

Petitioner argues here that (1) her constitutional right to have a jury determine any fact that increased her sentence was violated under *Booker*; (2) she is actually innocent of possessing 1,692 grams of methamphetamine; and (3) her sentence is the result of a structural error because she will remain in federal custody for a longer duration than allowed by law for the actual offense to which she was convicted. Given a liberal construction, her petition also contains claims of ineffective assistance of counsel.

## II.   ANALYSIS

A habeas petition brought under 28 U.S.C. § 2241 is used to attack the manner in which the federal Bureau of Prisons carries out a sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). A motion under 28 U.S.C. § 2255, however, is the primary means of collaterally attacking a federal conviction or sentence. *Id.* Because petitioner in the instant case attacks the validity of her conviction or sentence, not the manner in which her sentence is being executed, her petition either must be dismissed for want of jurisdiction or construed as a section 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Construing this petition as a section 2255 motion would require dismissal for want of jurisdiction because petitioner did not obtain authorization from the Fifth Circuit Court of

2

Appeals to pursue a successive section 2255 motion. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *see also Lee v. Wetzel*, 244 F.3d 370, 375 (5th Cir. 2001) (requiring dismissal for want of jurisdiction if a section 2255 motion is filed in a court other than the sentencing or convicting court).

In an attempt to avoid an otherwise certain dismissal of this lawsuit, petitioner argues that she is entitled to relief under the savings clause of section 2255. The savings clause allows a court to consider a section 2241 petition attacking a federally imposed sentence if the petitioner establishes that section 2255 is an "inadequate or ineffective" remedy. *Tolliver*, 211 F.3d at 878. A section 2255 motion is inadequate or ineffective if (i) a petitioner's claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense, (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first section 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). A prior unsuccessful section 2255 motion does not render the remedy provided by section 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 877-78.

Despite her efforts to show otherwise, petitioner simply is attempting to bring *Booker* and related claims pursuant to § 2241 because her earlier section 2255 motion was unsuccessful as to those issues. The Fifth Circuit has held that *Booker* is not retroactively applicable on collateral review. *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Nor does petitioner establish that

3

the remedy provided by section 2255 was inadequate or ineffective as to her other claims. Because the savings clause of section 2255 is inapplicable to petitioner's claims, her claims cannot be reviewed under 28 U.S.C. § 2241 and this lawsuit is subject to dismissal for want of jurisdiction.

### III. CONCLUSION

The instant petition challenges the constitutionality of petitioner's 2004 conviction and sentencing. The claims raised by petitioner may not be raised in a petition under 28 U.S.C. § 2241 unless they fall under the savings clause of 28 U.S.C. 2255. Claims based on *Booker* do not fall under the savings clause. The fact that petitioner's other claims were denied in an earlier section 2255 proceeding does not render section 2255 an inadequate or ineffective remedy for purposes of the savings clause.

Accordingly, this lawsuit is **DISMISSED FOR LACK OF JURISDICTION**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 31st day of October, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE